**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

MANUEL CABALLERO-TABLADA
on behalf of himself and all others similarly situated,

      Plaintiff,

v.

HOMELAND HEALTH SOLUTIONS., INC.
d/b/a CARECROSS MEDICAL CENTER,
a Florida Profit Corporation, BETSY MORENO,
Individually and JOSE E. HERNANDEZ, individually

      Defendants
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiff, MANUEL CABALLERO-TABLADA, (hereinafter referred to as "Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned counsel, files this Complaint against Defendants HOMELAND HEALTH SOLUTIONS INC d/b/a CARECROSS MEDICAL CENTER, a Florida Profit Corporation, (hereinafter referred to as "CARECROSS MEDICAL CENTER") BETSY MORENO (hereinafter referred to as "MORENO") and JOSE E. HERNANDEZ, (hereinafter referred to as "HERNANDEZ") collectively ("DEFENDANTS") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for unpaid wages, unpaid overtime wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

1

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant CARECROSS MEDICAL CENTER is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Homestead, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. CARECROSS MEDICAL CENTER is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant CARECROSS MEDICAL CENTER has had two (2) or more employees who have regularly sold, handled, or otherwise worked on

goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. CARECROSS MEDICAL CENTER upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

10. Defendant, MORENO is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, CARECROSS MEDICAL CENTER.

11. Defendant MORENO acted directly in the interest of her company, CARECROSS MEDICAL CENTER, as the president. Upon all available information, MORENO controlled the manner in which Plaintiff performed his work.

12. Defendant, HERNANDEZ is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, CARECROSS MEDICAL CENTER.

13. Defendant HERNANDEZ acted directly in the interest of her company, CARECROSS MEDICAL CENTER, as the vice-president. Upon all available information, HERNANDEZ created the method of pay. He also controlled the manner in which Plaintiff performed his work.

14. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

15. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

17. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

18. When Plaintiff began working for the Defendants, Plaintiff and Defendant CARECROSS MEDICAL CENTER entered into an employment agreement. (hereinafter "Agreement").  A copy of the Agreement is attached hereto as Exhibit A.

19. Pursuant to the terms of the Agreement, Plaintiff would be compensated at $55.00 per hour for the first year and $60.00 per hour for the second year with a minimum of 40 hours per week guaranteed.

20. Furthermore, pursuant to the Agreement, Plaintiff was to receive 5% of the net profits after the first year of employment.

21. Pursuant to Section 2.2 of the Agreement, termination of the Agreement required the party wanting to terminate the Agreement to give the other party written notice at least thirty (30) calendar days prior.

22. During the course of his employment, Plaintiff regularly worked between 50–60 hours per work week. Plaintiff would often work from home after office hours and on the weekends.

23. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

24. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

28. In February 2020, Plaintiff complained to HERNANDEZ regarding not being properly compensated for all hours worked.

29. Furthermore, on many occasions, Plaintiff complained and requested that Defendants make proper deductions from his paycheck.

30. Upon information and belief, Defendants were engaged in a common scheme to not properly pay Plaintiff and to not properly pay Plaintiff's payroll taxes.

31. Shortly thereafter, Defendants began to reduce Plaintiff's work hours without any prior notification.

32. Furthermore, Plaintiff's access to the online system was restricted preventing Plaintiff from being able to perform his work during March 30, 2020 through April 2, 2020.

33. Plaintiff made several complaints to HERNANDEZ and MORENO regarding the retaliatory actions taken against him after he expressed his complaints regarding improper pay.

34. On or about April 3, 2020, Plaintiff was granted access and continued to perform his work remotely without issue.

35. On or about April 28, 2020, without prior notice, Plaintiff was informed that he would no

longer be working his regular schedule and instead would be on call only.

36. On that same day, without prior notice, Defendants denied access to the online system to Plaintiff.

37. On or about May 1, 2020, Plaintiff received an email terminating his employment with Defendants effectively immediately.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against CARECROSS MEDICAL CENTER

38. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

39. Since the commencement of Plaintiff's employment, CARECROSS MEDICAL CENTER has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

40. Specifically, Plaintiff worked between 50-60 hours during each work week in which he was employed but he was not compensated at time and a half for the hours worked over forty (40) hours.

41. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. CARECROSS MEDICAL CENTER is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). CARECROSS MEDICAL

CENTER's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for CARECROSS MEDICAL CENTER likewise affects interstate commerce.

43. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employees.

44. CARECROSS MEDICAL CENTER has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

45. By reason of the said intentional, willful and unlawful acts of CARECROSS MEDICAL CENTER, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

46. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

47. CARECROSS MEDICAL CENTER never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

48. As a result of CARECROSS MEDICAL CENTER's willful violations of the Act, Plaintiff is entitled to liquidated damages.

49. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from CARECROSS MEDICAL CENTER.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CARECROSS MEDICAL CENTER:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against MORENO

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

51. At the times mentioned, Defendant MORENO was, and is now, a corporate officer of corporate Defendant, CARECROSS MEDICAL CENTER.

52. Defendant MORENO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MORENO acted directly in the interests of Defendant CARECROSS MEDICAL CENTER in relation its employees including Plaintiff.

53. Defendant MORENO had operational control of the business and is thus jointly liable for Plaintiff's damages.

54. Defendant MORENO willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with MORENO as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant MORENO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF FLSA/OVERTIME against HERNANDEZ

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

56. At the times mentioned, Defendant HERNANDEZ was, and is now, a corporate officer of corporate Defendant, CARECROSS MEDICAL CENTER.

57. Defendant HERNANDEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that MORENO acted directly in the interests of Defendant CARECROSS MEDICAL CENTER in relation its employees including Plaintiff.

58. Defendant HERNANDEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

59. Defendant HERNANDEZ willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these

wages since the commencement of Plaintiff's employment with HERNANDEZ as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant HERNANDEZ:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Breach of Agreement* against CARECROSS MEDICAL CENTER

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

61. Defendant breached its agreement with Plaintiff by failing to pay Plaintiff the 5% of the net profits for each year of his employment as stated in Section 2.2 of Exhibit A of the Agreement.

62. Specifically, Plaintiff received a payment in July 25, 2019 in the amount of $2,000 which constituted bonus and another in January 17, 2020 in the amount of $1,120.25.

63. However, upon information and belief, Defendant's net profit for 2019 and 2020 exceeded the amounts represented by Defendant.

64. Moreover, Defendant breached the Agreement by drastically reducing Plaintiff's hours below the guaranteed 40 hours starting on March 16, 2020.

65. Defendant materially breached the Agreement by failing to pay the 5% of the net profits and by violating reducing Plaintiff's hours in violation of Section 2.1 of Exhibit A.

66. Furthermore, Defendant breached the Termination Clause of the Agreement.

67. Specifically, Defendant failed to provide Plaintiff with the thirty (30) day written notice prior to terminating Plaintiff's employment.

68. Furthermore, as a direct and proximate result of the Defendant's breach of the agreement, Plaintiff has suffered and continues to suffer damages.

69. Pursuant to Section 5.3 of the Agreement, Plaintiff is entitled to an award of his attorney's fees and costs in connection with this action to enforce the Agreement.

**WHEREFORE**, Plaintiff seeks damages from Defendant for breach of agreement, Reasonable fees and costs associated with this litigation pursuant to the terms of the agreement and any other relief this Court deems just and proper.

## COUNT V
## FLSA RETALIATION against CARECROSS MEDICAL CENTER

70. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

71. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

72. CARECROSS MEDICAL CENTER conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

11

73. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for payment of his earned wages.

74. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant CARECROSS MEDICAL CENTER:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## FLSA RETALIATION against HERNANDEZ

75. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

76. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified

or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

77. HERNANDEZ' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

78. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for payment of his earned wages.

79. HERNANDEZ' conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant HERNANDEZ:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

    C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

    D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
## FLSA RETALIATION against MORENO

80. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

81. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

82. MORENO's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

83. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaint for payment of his earned wages.

84. MORENO's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against Defendant MORENO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated June 2, 2020

Respectfully submitted,

**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com